UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
DARIO GUERRERO,

                Petitioner,

        -against-

LYNN J. LILEY,

                Respondent.
----------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM AND ORDER**
17-CV-475 (JMA)

**APPEARANCES:**

Dario Guerrero
    *Pro Se Petitioner*

Madeline Singas
Yael V. Levy
W. Thomas Hughes
Nassau County District Attorney's Office
262 Old Country Road
Mineola, New York 11501
    *For Respondent*

**AZRACK, United States District Judge:**

    After petitioner Dario Guerrero filed this pro se habeas petition pursuant to 28 U.S.C. § 2254, respondent filed a motion to dismiss the petition as untimely. For the reasons set forth below, the motion is granted and the petition is dismissed.

## I. BACKGROUND

    Petitioner and his codefendants were jointly charged with multiple counts of various offenses including robbery in the first degree and second degree, burglary in the second degree, criminal possession of a weapon in the fourth degree, unlawful imprisonment in the second degree, attempted unlawful imprisonment in the second degree, assault in the second degree, resisting arrest, escape in the third degree. (Resp't Aff. ¶ 12.) Petitioner was separately charged with

1

hindering prosecution in the second degree, criminal facilitation in the fourth degree, criminal possession of a controlled substance in the fourth degree, and criminal possession of a controlled substance in the seventh degree. (Id.)

In April of 2012, a joint hearing was held to litigate the probable cause to arrest petitioner and codefendants, the admissibility of their statements, evidence recovered, and various show-up identification procedures. (Resp't Aff. ¶ 13.) As relevant to petitioner, the hearing court found that there had been probable cause to arrest petitioner, and that the show-up identification was not unduly suggestive. (Id.) The court further found that petitioner's statements to police were knowing and voluntary. (Id. at 10-11, 13.) After the hearing, petitioner's case was severed from his codefendants' case. (Id. at 14.)

On May 28, 2013, after trial by jury, petitioner was convicted of criminal possession of a controlled substance in the fourth degree, criminal possession of a controlled substance in the seventh degree, hindering prosecution in the second degree, resisting arrest, criminal facilitation in the fourth degree, escape in the third degree, and attempted unlawful imprisonment in the second degree. People v. Guerrero, 12 N.Y.S.3d 272, 272 (N.Y. App. Div. 2d Dep't 2015); (Resp't Aff. ¶ 14).

On August 23, 2013, petitioner was sentenced to five and one-half years' imprisonment followed by two years' post-release supervision for the conviction of criminal possession of a controlled substance in the fourth degree. (Resp't Aff. ¶ 15.) This sentence was ordered to run consecutively to an indeterminate term of one and one-third to four years' incarceration for the conviction of hindering prosecution in the second degree. (Id.) He also received a definite term of one year's incarceration to run concurrently for the convictions of resisting arrest, criminal facilitation in the fourth degree, criminal possession of a controlled substance in the seventh

degree, and escape in the third degree. (Id.) A ninety day term of incarceration was ordered to run concurrently for the conviction of attempted unlawful imprisonment in the second degree. (Id.)

Petitioner timely appealed his conviction and on June 24, 2015, the Appellate Division, Second Department, vacated the conviction of possession of a controlled substance in the seventh degree as it was an inclusory concurrent count of criminal possession of a controlled substance in the fourth degree. Guerrero, 12 N.Y.S.3d at 272. The Appellate Division otherwise affirmed petitioner's conviction. Id. Petitioner sought leave to appeal to the Court of Appeals. On September 3, 2015, the Court of Appeals denied his application to appeal. People v. Guerrero, 40 N.E.3d 582 (2015). Petitioner did not file a petition for certiorari to the United States Supreme Court or any post-conviction motions in State court relating to his conviction. (Pet. at 2-3.)

Petitioner raises three grounds in his pro se petition for a writ of habeas corpus:

(1) his conviction for fourth-degree and seventh-degree criminal possession of a controlled substance was legally insufficient (or in the alternative was against the weight of the evidence) and should be dismissed in light of the Appellate Division's decision, (Pet. at 5, 14);

(2) his conviction for hindering prosecution in the second degree was legally insufficient or against the weight of the evidence. (id. at 6); and

(3) his statements to the police should have been suppressed, (id. at 8, 16).

It is unclear when Guerrero signed and submitted his habeas petition to the prison mail system. As discussed infra, the Court assumes the petition was submitted on January 10, 2017 for purposes of whether limitations period for federal habeas review governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). (See Pet. at 13; Resp't Mem. in Supp. of Mot. to Dismiss ("Resp't Mem.") at 18.)

Guerrero concedes that the petition is untimely for purposes of AEDPA's one-year statute of limitations as contained in 28 U.S.C. §2244(d). However, petitioner states he is entitled to equitable tolling. (Pet. at 13.)

In his petition, Guerrero states that on January 19, 2016, an MRI showed that he had an enlarged prostate, and that on April 29, 2016, it was confirmed that he had prostate cancer.[1] (Id.) Petitioner additionally states that on October 25, 2016, he was taken to Albany Hospital for treatment including "Quino therapy" (possibly chemo therapy) and radiation therapy. (Id.) He states that on December 29, 2016, he completed his radiation therapy but had remaining medical complications, which he does not identify. (Pet. at 13.) It is unclear from the petition whether he was hospitalized for the entire period between October 25, 2016 and December 29, 2016 or if he was transported back and forth for treatment. Notably, in his request to proceed in forma pauperis signed January 14, 2017, Petitioner says that he "will go for chemotherapy soon," suggesting that Guerrero was transported back and forth for treatment. (ECF No. 2.) In the petition, Guerrero contends that his medical condition constitutes an extraordinary circumstance and states he would provide documentary evidence when it was appropriate to do so. (Pet. at 13.) However, as of the date of this Order, petitioner has not provided any additional evidence.

Guerrero additionally states in his petition that:

[F]or the past 11 months [he] had tried to get professional legal assistance from legal firms by writing to them, but to no success. In addition, petitioner has tried to obtain legal assistance from a Woodbourne Corr. Fac. bi-lingual law library clerk, but to no success. Petitioner, Dario Guerrero, is a 60 year old man who do[es] not speak, write or understand the [E]nglish language.

(Pet. at 13.)

---

[1] The Court notes that the petition includes various factual assertions regarding equitable tolling that are discussed herein. Technically, such factual assertions may not be admissible because the petition does not appear to be notarized, and petitioner has not signed the petition declaring under penalty of perjury that the facts alleged in the petition are true and correct. (See Pet. at 13, 17.) In any event, the Court assumes, for the sake of argument, that these assertions are admissible, but ultimately finds them insufficient to warrant equitable tolling for all the reasons stated infra.

4

Guerreo maintains that he eventually received legal assistance at the prison's law library on January 10, 2017 and then submitted his federal habeas petition.[2] (Id.) The Court notes, however, that Guerrero has not provided any documentary evidence or further details regarding his alleged attempts to obtain legal assistance.

On June 8, 2017, respondent filed a motion to dismiss on the ground that the petition was untimely and that equitable tolling did not apply. (Resp't Mem. at 15.) Petitioner failed to file a response to the motion to dismiss. In an Order dated March 31, 2018, this Court, sua sponte, gave petitioner one final opportunity to respond to the motion to dismiss by May 14, 2018, and to provide evidence to support his claim that he is entitled to equitable tolling. (ECF No. 7.) Petitioner failed to respond to that order. Further, the copy of the order sent from the Clerk's Office to petitioner was returned marked as "return to sender/no longer here" on April 16, 2018. (ECF No. 8.)[3]

## II.    DISCUSSION

As petitioner is pro se, the Court has construed petitioner's submissions liberally "to raise the strongest arguments that they suggest." Walker v. Graham, 955 F. Supp. 2d 92, 100 (E.D.N.Y. 2013) (quoting Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006)).

As explained below, the Court finds the petition is untimely and that there are no equitable grounds to save the petition from dismissal.

---

[2] Guerrero's petitioner actually identifies "January 10, 2016" as the day he obtained legal assistance and was able to submit his habeas petition. (Pet. at 13.) The Court assumes that petitioner intended to write January 10, 2017.

[3] Guerrero was advised by the Pro Se Office, in a January 27, 2017 letter, that it was his responsibility to keep the office informed of his current mailing address. (ECF No. 3.) According to New York State's Inmate Population Information Search database Guerrero was released on parole on November 2, 2017. New York State Official Website, Department of Corrections and Community Supervision, Inmate Population Information Search, http://nysdoccslookup.doccs.ny.gov.

5

**A.  Statute of Limitations**

AEDPA sets a one-year limitations period for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to a state court conviction.  28 U.S.C. § 2244(d)(1).  The applicable one-year period runs from the date on which one of the following four events occurs, whichever is the latest:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §§ 2244(d)(1)(A)–(D).

Here, AEDPA's one-year statute of limitations began to run once the 90-day window to file a petition for certiorari in the Supreme Court closed on December 2, 2015.  Fernandez v. Artuz, 402 F.3d 111, 112 (2d Cir. 2005); Williams v. Artuz, 237 F.3d 147, 151 (2d Cir. 2001).  28 U.S.C. § 2244(d)(2) provides that in calculating the one-year statute of limitations period, "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted."  28 U.S.C. § 2244(d)(2).  Guerrero did not file any post-conviction motions, in State court—accordingly he had until December 2, 2016 to file his habeas petition.

There is a presumption that a habeas petition is filed as of the date it is signed and notarized. Harris v. Senkowski, 298 F. Supp. 2d 320, 335 (E.D.N.Y. 2004).  Although it is unclear precisely

when petitioner signed and submitted his petition to the prison mailing system for filling, the Court assumes the petition was submitted on January 10, 2017 for purposes of AEDPA's one-year limitation period. Guerrero and Respondent both reference January 10, 2017 as the date the habeas petition was signed. (Pet. at 13; Resp't Mem. at 18.) Therefore, the petition is untimely.

## B. Equitable Tolling

Guerrero concedes that his petition is untimely, but argues that he is entitled to equitable tolling. (Pet. at 13.) AEDPA's one-year limitations period is subject to equitable tolling only if a petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 632 (2010) (internal quotation omitted). "Equitable tolling should be applied only in 'rare and exceptional circumstances.'" Walker v. Graham, 955 F. Supp. 2d 92, 103 (E.D.N.Y. 2013). Whether a circumstance is extraordinary depends not on "how unusual the circumstance alleged to warrant tolling is among the universe of prisoners, but rather how severe an obstacle it is for the prisoner endeavoring to comply with AEDPA's limitations period." Diaz v. Kelly, 515 F.3d 149, 154 (2d Cir. 2008). Even if a petitioner demonstrates that an extraordinary circumstance existed they "must further demonstrate that those circumstances caused him to miss the original filing." Harper v. Ercole, 648 F.3d 132, 137 (2d Cir. 2011).

"The burden of demonstrating the appropriateness of equitable tolling … lies with the plaintiff." Bolarinwa v. Williams, 593 F.3d 226, 232 (2d Cir. 2010). Conclusory contentions are insufficient to establish extraordinary circumstances that warrant equitable tolling; rather, the petitioner must provide sufficiently detailed evidence as proof. See Bowman v. Walsh, No. 07-CV-3586, 2007 WL 2815711, at *4 (E.D.N.Y 2007) (finding that a petitioner cannot rely solely on personal conclusions or assessments but must support allegations with evidence to prove illness

7

prevented timely filing); Mendes v. Artuz, No. 99 Civ. 2472, 2000 WL 991336, at *2 (S.D.N.Y 2000) (finding that statements that petitioner was taking daily medicine and "constantly going in and out of the hospital" were insufficient to meet his burden to justify equitable tolling); see also Torres v. Miller, No. 99 Civ. 0580, 1999 WL 714349, at *8 (S.D.N.Y 1999) (finding that conclusory contentions of physical and mental illness are insufficient to justify equitable tolling).

A petitioner must prove that the extraordinary circumstance, not his own lack of diligence, prevented timely filing of a habeas petition. This standard calls for "reasonable diligence," which means "that [the petitioner] acted as diligently as reasonably could have been expected under the circumstances." Harper, 648 F.3d at 138-139 (internal quotation marks, alterations, and citation omitted). "If the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000). "[A] litigant who seeks equitable tolling based on extraordinary circumstances and who establishes causation is required to show reasonable diligence in pursuing his claim throughout the period he seeks to have tolled." Harper, 648 F.3d at 134.

Medical conditions and hospitalization may demonstrate extraordinary circumstances depending on the facts. Harper, 648 F.3d at 137. Additionally, English language deficiencies may, in limited circumstances, warrant tolling of AEDPA's limitations period. Diaz v. Kelly, 515 F.3d at 151. "[T]he diligence requirement of equitable tolling imposes on the prisoner a substantial obligation to make all reasonable efforts to obtain assistance to mitigate his language deficiency." Id. at 154 (emphasis added). In Diaz, the court there held that neither of the two petitioners who invoked language difficulties had alleged sufficient efforts to satisfy the diligence requirement. Id.

The Diaz court noted that the unavailability of prison personnel who could provide legal assistance to the petitioners was insufficient to warrant equitable tolling as there were no allegations of the petitioners' efforts to find legal assistance outside the prison. Id.

Here, petitioner's conclusory assertions as to his medical condition and hospitalization fail to prove that an extraordinary circumstance existed or that petitioner was reasonably diligent. Accordingly, his allegations concerning his medical condition and hospitalization are insufficient to warrant equitable tolling of AEDPA's limitations period. Petitioner must show that he is entitled to a little over a month of equitable tolling, about 38 days, but he fails to do so. Petitioner did not provide any supporting documentation concerning the extent of his illness and the extent to which he was hospitalized. Nor has he provided sufficient details about his illness, hospitalization and his efforts, if any, to prepare and file his habeas petition during his treatment. The Court also notes that his petition does not indicate that he was completely incapacitated at any time during the one-year limitations period.

With respect to petitioner's language deficiency, his conclusory assertions about his attempts to obtain legal assistance from outside the prison are insufficient to show an extraordinary circumstance or that his inability to speak English caused his petition to be filed late. Therefore, he is not entitled to equitable tolling based on his language deficiency. Petitioner has not provided any supporting documentation or details concerning his alleged attempts to obtain legal assistance from outside the prison. Although petitioner states he attempted to obtain legal assistance from outside the prison "for the past 11 months," he provides no further detail as to: (1) the actual dates of attempted communications; (2) frequency of attempted communications; (3) how he attempted to contact outside legal resources; or (4) who he attempted to contact.

Thus, for the reasons stated above, petitioner is not entitled to equitable tolling.

## C. **Actual Innocence**

Finally, actual innocence is an equitable exception to the statute of limitations. To "present a successful gateway claim of actual innocence a petitioner must present 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" Rivas v. Fischer, 687 F.3d 514, 541 (2d Cir. 2012) (quoting Schlup v. Delo, 513 U.S. 298, 316 (1995)). As the Second Circuit has explained,

> To satisfy the Schlup standard, a claim of actual innocence must be both 'credible' and 'compelling.' For the claim to be 'credible,' it must be supported by new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. For the claim to be "compelling," the petitioner must demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt—or to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt.

Rivas, 687 F.3d at 514 (internal citations and quotation marks omitted).

Here, petitioner, who does not rely on any new evidence, cannot show actual innocence.

### III.    CONCLUSION

For the reasons stated above, respondent's motion to dismiss is granted and the petition is dismissed as untimely.

A certificate of appealability shall not issue because Petitioner has not made a substantial showing that he was denied a constitutional right. See 28 U.S.C. § 2253(c)(2). I certify that any appeal of this Order would not be taken in good faith, and thus in forma pauperis status is denied for the purposes of any appeal. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk of the Court is respectfully directed to mail a copy of this Order to the address for petitioner listed on the docket and to close the case.

**SO ORDERED.**

Dated:  July 30, 2018
Central Islip, New York

                                                                          /s/  (JMA)
                                                    JOAN M. AZRACK
                                                    UNITED STATES DISTRICT JUDGE